**Affirm in part; Reverse and Render in part; Opinion Filed July 2, 2019.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-16-00534-CV

**KELLY D. HOLLINGSWORTH AND K. HOLLINGSWORTH & ASSOC., P.C.,
Appellants
V.
WALAAL CORPORATION D/B/A AMBASSADOR CAB, E.P.D.A., INC. D/B/A ALAMO
CAB, AND D.E.C.D.A., INC. D/B/A STARCAB, Appellees**

On Appeal from the 134th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-14-03638

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Appellants Kelly D. Hollingsworth and K. Hollingsworth & Associates, P.C. (collectively,

"Hollingsworth") appeal from the trial court's final judgment entered in appellees' favor. We

affirm in part and reverse and render in part. Because the issues are settled in law, we issue this

memorandum opinion. *See* TEX. R. APP. P. 47.4.

### BACKGROUND

Hollingsworth represented the Association of Taxicab Operators, Inc. ("ATO"). He also

represented appellees Walaal Corporation d/b/a Ambassador Cab ("Ambassador"), E.P.D.A., Inc.

d/b/a Alamo Cab ("Alamo"), and D.E.C.D.A., Inc. d/b/a Starcab ("Star") (collectively, the "Cab

Companies"). By letter agreement dated September 20, 2012, ATO and the Cab Companies jointly

retained K. Hollingsworth & Associates, P.C. (the "Firm") regarding (1) the litigation surrounding DFW Airport and Love Field's preferential treatment of compressed natural gas cabs and (2) an antitrust lawsuit against Yellow Cab Company.[1]

In May 2013, Alamo terminated Hollingsworth because of his lack of accountability regarding the retainer funds. Hollingsworth, United, Star, Ambassador and ATO, however, entered into another representation agreement dated June 25, 2013. Both the 2012 and the 2013 representation agreements required the clients to make monthly retainer payments to the Firm in amounts of $20,000–$30,000 regardless "of the previous month's billing, even if it result[ed] in a buildup of funds in retainer." As described in the agreements, Hollingsworth stated that he would "apply these funds against the Firm's fees, expenses and other charges as they are billed" and return any remaining balance at the end of the engagement to the clients.

In December 2013, Hollingsworth produced a spreadsheet in response to the Cab Companies' request for a full accounting of funds. The Cab Companies began to question the figures in the spreadsheet and "balked at paying any more retainer payments." On April 4, 2014, Hollingsworth filed suit on behalf of ATO against the Cab Companies asserting various claims for fraud, civil theft, breach of fiduciary duty, civil conspiracy, tortious interference, libel, breach of contract in regard to the Cab Companies' alleged failure to collect dues to pay for Hollingworth's legal fees. In response, the Cab Companies filed a third-party petition against Hollingsworth asserting claims for breach of contract, legal malpractice, conversion, accounting, and attorney's fees. Following a jury trial, the trial court entered a final judgment dated January 26, 2016 which addressed the third-party claims as follows:

> It is further ORDERED, ADJUDGED and DECREED that Third-Party Plaintiffs
> Walaal Corporation d/b/a Ambassador Cab, E.P.D.A., Inc. d/b/a Alamo Cab, and

---

[1] Maredi Corporation ("United") was also a signatory to the September 20, 2012 letter agreement but is not a party to this appeal.

D.E.C.D.A., Inc. d/b/a Starcab recover the following from Third-Party Defendants Kelly Dean Hollingsworth and K. Hollingsworth and Associates, P.C.:

a. Equitable forfeiture and disgorgement for Third-Party Defendants Kelly Dean Hollingsworth and K. Hollingsworth and Associates, P.C.'s conversion of funds in the amount of $91,028.34[.]

b. Equitable forfeiture and disgorgement for Third-Party Defendants Kelly Dean Hollingsworth and K. Hollingsworth and Associates, P.C.'s breach of fiduciary duty in the amount of $298,896.95.

c. Reasonable and necessary attorneys' fees, pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, in the amount of $165,000.00.

d. Pre-judgment interest in the amount of five percent (5%) per annum in simple interest, accruing from August 15, 2014 until the day before this judgment is entered.

e. Post-judgment interest on all of the above at the rate of five percent (5%) per annum, compounding annually, which shall accrue on the amount of the judgment. The post-judgment interest shall begin to accrue on the date following the date of this judgment and shall continue to accrue until this judgment is satisfied in full.

Hollingsworth then filed this appeal of the final judgment.

**ANALYSIS**

In eight issues, Hollingsworth asserts that the trial court erred in entering the final judgment in favor of the Cab Companies.

**A.      Award of Attorney's Fees**

In his first issue, Hollingsworth asserts that the trial court erred in awarding attorney's fees pursuant to chapter 38 of the Texas Civil Practice and Remedies Code when the Cab Companies failed to recover damages on their breach of contract claim. *See* TEX. CIV. PRAC. & REM. CODE §§ 38.001–38.006. We agree. In order to recover attorney's fees, a party must prevail on a cause of action for which such fees are recoverable, and the party must recover damages. *See Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35, 40 (Tex. 2012) ("Indeed, we have said that to qualify for fees under the statute, a litigant must prevail on a breach of contract claim and recover damages."); *Rodgers v. RAB Inv., Ltd.,* 816 S.W.2d 543, 551 (Tex. App.—Dallas 1991, no pet.)

("A party must satisfy two requirements to obtain an award of attorney's fees. First, a party must prevail on a cause of action for which attorney's fees are recoverable. Second, the party must recover damages.") (internal citations omitted). Here, the final judgment references an award for breach of fiduciary duty, not breach of contract. Although the Cab Companies asserted a breach of contract claim against Hollingsworth in their third party action, the final judgment failed to include any award for their breach of contract claim. Accordingly, the Cab Companies were not entitled to the recovery of their attorney's fees in the amount of $165,000.00 and we sustain Hollingsworth's first issue.

### B. Conversion Claim

In his second issue, Hollingsworth argues that the trial court erred by awarding a judgment of equitable forfeiture and disgorgement on the Cab Companies' conversion claim because (1) the jury's finding of no damages forecloses recovery; (2) the Cab Companies' failed to prove the specific chattel element of their claim; or (3) the remedy of equitable forfeiture and disgorgement is not available for a conversion claim.

In the jury charge, the jury answered "yes" in response to the following question: did Hollingsworth convert monies that belonged to the Cab Companies? When asked what sum of money would fairly and reasonably compensate the Cab Companies for their damages, the jury responded with $0. When asked what sum of money should be assessed against Hollingsworth and awarded to the Cab Companies as exemplary damages for the conversion conduct, the jury awarded $25,000 to the Cab Companies. In the final judgment, the trial court ordered equitable forfeiture and disgorgement for the conversion of funds by Hollingsworth in the amount of

$91,028.34.[2] Hollingsworth argues that because damages are a prerequisite to recovery on a conversion claim, the Cab Companies cannot recover on the conversion claim.

The Texas Supreme Court has held that a "plaintiff must prove damages before recovery is allowed for conversion." *See United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147 (Tex. 1997) (per curiam); *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 889 (Tex. App.—Dallas 2009, no pet.). As stated above, the jury did not award the Cab Companies any compensatory damages for their conversion claim. In addition, the exemplary damages awarded by the jury cannot be used to satisfy this requirement because exemplary damages may be awarded only if damages other than nominal damages are awarded. *See* TEX. CIV. PRAC. & REM. CODE § 41.004(a). As no damages were awarded to the Cab Companies in regard to their conversion claim, the Cab Companies were not entitled to the equitable forfeiture and disgorgement for the conversion of funds in the amount of $91,028.34 and we sustain Hollingsworth's second issue.[3]

## C.     Breach of Fiduciary Duty Claim

In his third issue, Hollingsworth argues that the trial court erred by granting a judgment for equitable forfeiture and disgorgement on the Cab Companies' claim for breach of fiduciary duty because (1) the Cab Companies failed to plead breach of fiduciary duty and (2) the failure to plead this cause of action deprived him of notice of several claim fracturing issues.

---

[2] Disgorgement is compensatory, but it is not damages. *In re Longview Energy Co.*, 464 S.W.3d 353, 361 (Tex. 2015).

[3] As we have reversed on the first sub-issue, we need not address Hollingworth's remaining sub-issues that the Cab Companies' failed to prove the specific chattel element of their claim or the remedy of equitable forfeiture and disgorgement is not available for a conversion claim.

### i) Failure to plead

Hollingsworth first argues that the Cab Companies' pleadings did not include a claim for breach of fiduciary duty and that the trial court's judgment on the claim of breach of fiduciary duty was unsupported by the pleadings. We disagree. The Cab Companies' petition contained the following assertions in the factual background:

> As a retainer, the Third-Party Plaintiffs funds' are to be held in a strict fiduciary capacity under Texas law and Texas Rules of Professional Conduct Rule 1.14.
>
> ***
>
> In fact, Mr. Hollingworth's conduct is [sic] gross violation of the Texas Rules of Professional Conduct 1.14 and his fiduciary duty to his clients.

In addition, count two of the petition, although labeled legal malpractice, contained only allegations of a breach of fiduciary duty:

> Third-Party Defendants owed Third-Party Plaintiffs the absolute fiduciary duties of care and loyalty, especially with respect to client funds.
>
> Third-Party Defendants breached this duty by commingling client retainer funds with their own, converting those funds, and overbilling to ensure that all retainer amounts were not only expended but that an outstanding balance was created.
>
> These breaches have proximately caused harm to the Third-Party Plaintiffs by causing direct monetary loss of tens of thousands of dollars.

Pleadings are sufficient under the rule of civil procedure if they give fair and adequate notice to the adversary. *See* TEX. R. CIV. P. 45; *Kissman v. Bendix Home Sys., Inc.*, 587 S.W.2d 675, 677 (Tex. 1979). Based upon these allegations in the petition, Hollingsworth received fair and adequate notice that the Cab Companies were asserting a breach of fiduciary duty claim.

### ii) Claim fracturing

Hollingsworth next argues that the Cab Companies' failure to plead a breach of fiduciary cause of action deprived him of notice of claim fracturing issues. The anti-fracturing rule prevents plaintiffs from converting what are actually professional negligence claims against an attorney into other claims such as fraud, breach of contract, or violations of the Texas Deceptive Trade Practice

–6–

Consumer Protection Act. *Won Pak v. Harris*, 313 S.W.3d 454, 457 (Tex. App.—Dallas 2010, pet. denied). For this anti-fracturing rule to apply, however, the gravamen of the complaints must focus on the quality or adequacy of the attorney's representation. *Id.* In contrast, claims of breach of fiduciary duty against an attorney focus on whether the attorney obtained an improper benefit from representing the client and involve the integrity and fidelity of the attorney. *Id.* This Court has also stated that a lawyer breaches his fiduciary duty when he "benefits improperly from the attorney-client relationship by, among other things, subordinating his client's interest to his own, retaining the client's funds, engaging in self-dealing, improperly using client confidences, failing to disclose conflicts of interest, or making misrepresentations to achieve these ends." *Murphy v. Gruber*, 241 S.W.3d 689, 693 (Tex. App.—Dallas 2007, pet. denied) (citations omitted). Here, the Cab Companies alleged that Hollingsworth commingled client retainer funds with his own, converted those funds, and overbilled. The Cab Companies clearly focused their allegations on the fact that Hollingsworth obtained an improper benefit from representing them. As such, the anti-fracturing rule does not apply under this set of facts. For these reasons, we overrule Hollingsworth's third issue.

### D. Failure to Construe the Agreements

In his fourth issue, Hollingsworth argues that the trial court failed to construe the "four fully integrated written agreements" between the Cab Companies and Hollingsworth. Hollingsworth requests, as an alternative to his request for a take-nothing judgment for attorney's fees, that this Court reverse the judgment on the breach of contract, order a new trial, and instruct the trial court on the construction of the relevant contracts. As we have already reversed and rendered judgment as to the attorney's fees award based on the breach of contract claim, we need not address this issue.

**E.      Segregation of Claims and Damages**

In his fifth issue, Hollingsworth argues that the trial court erred in granting judgment in favor of the Cab Companies' claims because they failed to segregate the liability and damages by company, by contract, and by individual charges as to each claim, by each company. Hollingsworth raised this objection in regard to question nine of the jury charge involving a breach of contract claim during the charge conference and the trial judge overruled his objection. The transcript from the jury charge hearing does not contain any reference to an objection to segregating the breach of fiduciary duty claim during the charge conference. Regardless, an appellant's brief must contain a clear and concise argument for the contentions made and citations to authorities and the record. TEX. R. APP. P. 38.1(i). Rule 38 requires a party to provide us with such discussion of the facts and authorities relied upon as may be necessary to present the issue. *Gonzalez v. VATR Const. LLC*, No. 05-12-00277-CV, 2013 WL 6504813, at *4 (Tex. App.—Dallas Dec. 12, 2013, no pet.). Here, Hollingworth's argument lacked citations to authorities in support of his assertions and we overrule Hollingsworth's fifth issue.

**F.      Affirmative Defenses**

In his sixth issue, Hollingsworth argues the trial court erred by refusing to submit affirmative defenses on the breach of contract claim in the jury charge. As stated above, we have reversed and rendered judgment as to the attorney's fees award based on the breach of contract claim. Accordingly, we need not address this issue.

**G.      Jury Trial on the Accounting Claim**

In his seventh issue, Hollingsworth argues that the trial court erred in denying him a jury trial on the Cab Companies' claim for an accounting. He specifically argues that the costs of the audit have been assessed against him despite the fact that he did not have an opportunity to defend this cause of action. We disagree.

As stated above, the Cab Companies asserted a claim for an accounting in their third-party petition against Hollingsworth. Subsequent to the filing of the third-party petition and prior to trial, however, the Cab Companies filed a motion to appoint an auditor pursuant to Texas Rule of Civil Procedure 172. Following a hearing, the trial court granted the Cab Companies' motion and ordered the appointment of an auditor who "shall issue a report which states the accounts between the parties and submit that to the Court as soon as possible." Rule 172 provides that the "court shall award reasonable compensation to such auditor to be taxed as costs of suit." *See* TEX. R. CIV. P. 172. In the final judgment, the trial court ordered that the Cab Companies recover court costs applicable to their lawsuit from Hollingsworth. The final judgment also ordered Hollingsworth pay the fees of the court-appointed auditor in the amount of $27,795.00 pursuant to rule 172.

As the auditor's report was submitted to the court by the time of trial, neither the Cab Companies nor Hollingsworth requested an instruction on the accounting claim in their respective jury charges. As such, the final jury charge contained no reference to an accounting and Hollingsworth made no objection to the jury charge on this basis. As an appellate court, we review a trial court's ruling or an objection to its refusal to rule. *See* TEX. R. APP. P. 33.1(a)(2); *Texas Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) (constitutional claim on appeal in paternity suit waived by failure to raise complaint at trial) (citing *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993)); *Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 448–49 (Tex. App.—Dallas 2011, no pet.). "Important prudential considerations underscore our rules on preservation. Requiring parties to raise complaints at trial conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds." *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). This is called preservation of error and requires that "a party's argument on appeal must comport with its argument in the trial court." *Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 170 (Tex. App.—Dallas 2009, no pet.); *see* TEX. R. APP. P.

33.1(a)(1). If an issue has not been presented to the trial court and it is not preserved for appeal, we should not address it because nothing is presented for our review. *See In re R.B.,* 200 S.W.3d 311, 317 (Tex. App.—Dallas 2006, pet. denied) (preservation of error requires a timely objection in the absence of which nothing is presented for appellate court review). As Hollingsworth did not raise an issue that the jury charge failed to address the accounting claim, he has not preserved this claim.

Hollingsworth also asserts that the costs of the audit cannot be assessed against him since he did not have an opportunity to defend this cause of action. An appellant's brief must contain a clear and concise argument for the contentions made and citations to authorities and the record. TEX. R. APP. P. 38.1(i). Rule 38 requires a party to provide us with such discussion of the facts and authorities relied upon as may be necessary to present the issue. *Gonzalez*, 2013 WL 6504813, at *4. Here, Hollingworth's argument lacked citations to authorities in support of this assertion. For these reasons, we overrule Hollingsworth's seventh issue.

### F.     Subject Matter Jurisdiction

In his eighth issue, Hollingsworth argues that the trial court lacked subject matter jurisdiction because the Cab Companies' claims were not ripe. In support of this assertion, Hollingsworth summarily re-urges the grounds asserted in his previously-filed motion to dismiss for lack of jurisdiction in the underlying litigation. Despite the brevity of Hollingsworth's briefing, we address the merits of this argument because subject matter jurisdiction cannot be waived. *See Waco v. Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000) ("[B]ecause subject matter jurisdiction is essential to the authority of a court to decide a case, it cannot be waived and may be raised for the first time on appeal. Thus, ripeness and standing components of subject matter jurisdiction cannot be waived.").

In the motion to dismiss, Hollingsworth summarizes his argument as follows:

–10–

[I]f ATO prevails on its claims against the Defendant Entities, then Defendant Entities lack standing to prosecute their purported claims in [sic] against ATO's counsel. Thus, Defendant Entities' claims are not ripe. They should be dismissed until they are either ripe for adjudication or extinguished entirely by final resolution of the underlying case.

Here, however, ATO did not prevail on its claims against the Cab Companies. Instead, the jury rejected all of ATO's claims against the Cab Companies and concluded that ATO's claims were based on a forged document. The trial court then entered the following in its final judgment:

It is therefore ORDERED, ADJUDGED and DECREED that Plaintiff Association of Taxicab Operators, USA take nothing by this suit.

It is therefore ORDERED, ADJUDGED and DECREED that the written contract upon which Plaintiff Association of Taxicab Operators, USA based its lawsuit is a forgery.

Since the claims on which Hollingsworth rests his ripeness argument have been resolved with a final judgment and he has not raised any new objections based on subject matter jurisdiction, there is nothing for this Court to review. For this reasons, we overrule Hollingsworth's eighth issue.

## CONCLUSION

We reverse that portion of the final judgment which awarded the Cab Companies $165,000 in attorney's fees and render judgment that they take nothing in regard to any attorney's fees awarded pursuant to chapter 38 of the Texas Civil Practice and Remedies Code as addressed in the first issue. We also reverse that portion of the final judgment which awarded equitable forfeiture and disgorgement in favor of the Cab Companies for Hollingsworth's conversion of funds and render judgment that the Cab Companies take nothing on the conversion claim. We need not reach Hollingsworth's fourth or sixth issues, and we decide Hollingsworth's third, fifth, seventh and eighth issues against him.

/Robbie Partida-Kipness
ROBBIE PARTIDA-KIPNESS
JUSTICE

160534F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KELLY D. HOLLINGSWORTH AND K. HOLLINGSWORTH & ASSOC., P.C., Appellants

No. 05-16-00534-CV          V.

WALAAL CORPORATION D/B/A AMBASSADOR CAB, E.P.D.A., INC. D/B/A ALAMO CAB, AND D.E.C.D.A., INC. D/B/A STARCAB, Appellees

On Appeal from the 134th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-03638.
Opinion delivered by Justice Partida-Kipness. Justices Whitehill and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED IN PART** and judgment is rendered that Walaal Corporation d/b/a Ambassador Cab, E.P.D.A., Inc. d/b/a/ Alamo Cab, and D.E.C.D.A, Inc. d/b/a Starcab take nothing in regard to attorney's fees and their conversion claim. We **AFFIRM** the trial court's judgment in all other respects.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 2nd day of July, 2019.