

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00225-CV

---

JOHN ALAN CONROY, APPELLANT

V.

DAVID SLOAN, ET AL., APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2019-536,146, Honorable William C. Sowder, Presiding by Assignment

June 5, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH, J., and PIRTLE, S.J.[1]

John Alan Conroy appeals the trial court's judgment dismissing his claims against David Sloan, et al. Through several issues, he contends the trial court erred in dismissing his claims because it failed to consider and rule on several of his motions and requests, failed to conduct an in-camera review of certain evidence, failed to enforce the disclosure of certain evidence, and failed to protect his right to a trial by jury. We affirm.

---

[1] Patrick A. Pirtle, Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

**BACKGROUND**

Conroy was convicted in federal court for possession of child pornography. For years, he has attempted to challenge that conviction, claiming law enforcement threatened to kill him and to harm his family. He also claimed officers promised leniency in sentencing that did not come to fruition. Among items Conroy attempted to obtain to help him with his claims was 1) a video in which Texas Rangers allegedly made death threats to Conroy, threatened to harm his family, and promised a sentence of less than 30 years; 2) a Pecos County patrol car video containing the initial questioning of Conroy as well as an alleged consent to and search of his vehicle; and 3) an audio recording of an interrogation that allegedly occurred during Conroy's transfer from one jail to another ostensibly containing promises of lenient sentences.[2]

Conroy filed lawsuits against numerous individuals, some of whom this Court has previously dealt with. The underlying suit at issue here was one against his former attorney, David Sloan. Conroy claimed Sloan, among other things, breached his fiduciary duty to Conroy by failing to disclose his case file, including the evidence noted above, despite having an obligation to do so and despite court orders directing the same. He contends Sloan violated legal, moral, and ethical duties and intentionally inflicted emotional distress upon him.

Conroy filed numerous motions throughout the lawsuit, including motions to compel, motions for court inquiries, motions for case status, and motions for default judgment due in part to Sloan's untimely answers to his petition and amended petition

---

[2] Conroy sought other pieces of evidence as well.

and his failure to answer interrogatories. At a status hearing in April 2022, the trial court took significant action to assist Conroy in attaining the evidence he sought, namely a July 2010 video that seemed to have gone missing from the possession of the State. During the course of the hearing, it was determined the video was likely in the possession of Immigration and Custom Enforcement (ICE)[3] and the court engaged in colloquy on how best to request and obtain that evidence. It even ensured Conroy had appointed counsel to assist him in the endeavor. At the end of the day, though, the video could not be located. In March 2022, Sloan certified to the trial court the delivery of Conroy's case file to Conroy. It included an itemized list of what the file contained. It did not contain the videos nor other evidence of which Conroy now complains.

Ultimately, in July 2025, the trial court dismissed Conroy's claims with prejudice. In the dismissal order, the trial court set forth the efforts made to obtain the evidence Conroy sought. It determined exhaustive searches had been conducted and that the court was "unable to grant any other relief requested by Mr. Conroy." It further stated that "[a]lthough Mr. Conroy labels several causes of action as breach of fiduciary duty, all of his allegations, regardless of what Mr. Conroy has named them, involve the issue of the production of his file and especially the video tape. Therefore, the Court finds that based on a totality of circumstances, that all of Mr. Conroy's remaining claims are without merit and are hereby dismissed with prejudice."

---

[3] This is so because ICE officers conducted an interview of Conroy in July 2010.

3

Through nine issues, Conroy asks this Court to reverse the trial court's order and either grant a default judgment against Sloan or remand to the trial court for reconsideration of various issues or for a jury trial. We overrule the issues.

Conroy poses the following questions:

- Whether the District Court properly considered Sloan's default on both original and amended complaints because Sloan answered late?

- Whether the District Court properly considered Conroy's right to damages for breach of fiduciary duty and intentional infliction of emotional distress?

- Whether the District Court properly considered Conroy's request to have Sloan comply with Texas State Bar rules?

- Whether the District Court properly considered Sloan's unwillingness to cooperate?

- Whether the District Court considered Sloan's failure to disclose conflict of interest, i.e., that Sloan was a prosecutor for Ellis County from 1994-1997 during which time Conroy was prosecuted?

- Whether the District Court failed to conduct an in-camera review of Texas Ranger Police Report?

- Whether the District Court failed to enforce production of ICE interrogation video?

- Whether the District Court failed to compel answers to interrogatories?

- Whether the District Court failed to protect the right to trial by jury?

**INITIAL MATTERS: PRESERVATION AND NOTICE**

We first look to whether Conroy preserved his appellate issues for our review. Conroy filed a motion for final hearing that could possibly be construed as an objection to the trial court not acting on his motions. Conroy asked for hearings, status conferences, and for the trial court to add the cases to the docket. He further provided a letter in

4

response to the court's letter indicating intention to dismiss. However, Conroy never explicitly asked the trial court to rule on his pleadings or requests, including his motion for default judgment against Sloan, aside from his prayer for relief in his amended motion for default judgment.[4] *3G Elec. Servs., LLC v. Garza*, No. 13-22-00446-CV, 2023 Tex. App LEXIS 9134, at *4 (Tex. App.—Corpus Christi, no pet.) (mem. op.) (default judgment is waived when movant does not get a ruling on its motion for default judgment prior to a trial on the merits). He did not ask the trial court to hold a hearing on the motion but rather, asked the court to set a status conference. While the trial court's order dismissing Conroy's claims indicates its knowledge of some of Conroy's complaints he now raises on appeal, it does not appear the trial court was aware of every issue now being raised. *See* TEX. R. APP. P. 33.1 (to preserve error for appeal, a party must present the complaint to the trial court by timely request, objection, or motion with sufficient specificity to make trial court aware of the complaint). Moreover, it is unclear whether the trial court had notice of Conroy's pleadings. Conroy mentions emailing them to the judge but there does not appear to be proof of such in the record. *See McGary v. State,* No. 12-21-00115, 2022 Tex. App. LEXIS 3361, at *2–3 (Tex. App.—Tyler, no pet.) (mem. op., not designated for publication) (to constitute notice, the record must show a ruling, judge's signature, hearing date on docket, etc.); *S. Pioneer Prop. & Cas. Ins. Co. v. Wilson,* No. 01-17-00444-CV, 2018 Tex. App. LEXIS 5264, at *8–9 (Tex. App.—Houston [1st Dist.]

---

[4] Hearings were held in 2021 (motion to compel) and 2022 (status hearing). In March 2022, Sloan delivered to Conroy his case file. By letter in 2023, the trial court asked Conroy to inform the court of unresolved issues. In 2025, the court informed the parties of its intent to dismiss and invited responses to that intent. In May 2025, Conroy filed a "Response to Intent to Dismiss" in which he set forth his numerous complaints. His prayer only asks that the trial court "allow this case to proceed, or in the alternate[,] hold a hearing to resolve the remaining issues."

July 12, 2018, no pet.) (mem. op.) (mere filing of motions not sufficient and there was nothing in the record to show the trial court considered the motion). *But see Hashmi v. State*, Nos. 05-21-01129-CR, 05-21-01130-CR, 05-21-01131-CR, 05-21-01132-CR, 2022 Tex. App. LEXIS 7949, at *7 (Tex. App.—Dallas Oct. 26, 2022, pet. ref'd) (mem. op., not designated for publication) (inviting guidance from the Texas Court of Criminal Appeals on ways counsel can satisfy the standard considering modern modes of communication). Specifically, it is not clear the trial court was put on notice that Conroy was requesting a default judgment against Sloan, although the court was aware of other causes against Sloan such as breach of fiduciary duty.

## CONROY'S CLAIMS

Several standards of review apply to Conroy's various claims. First, an appellate court reviewing a challenge to a trial court's subject matter jurisdiction reviews the trial court's ruling de novo. *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Second, a trial court's denial of a motion for default judgment is reviewed under an abuse of discretion standard. *Davis v. West*, 433 S.W.3d 101, 108 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Lastly, whether allegations brought against an attorney and labeled as a breach of fiduciary duty claim are actually professional negligence claims is a question of law to be determined by the court. *Won Pak v. Harris*, 313 S.W.3d 454, 457 (Tex. App.—Dallas 2010, pet. denied).

An appellate court may not reverse a judgment on appeal based on an error committed by the trial court unless the court of appeals concludes that the error: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the

6

appellant from properly presenting the case to the court of appeals. TEX. R. APP. P. 44.1(a)(1), (2).

The right to a jury trial in civil cases is not unlimited. *Schorp v. Baptist Mem.'l Health Sys.*, 5 S.W.3d 727, 738 (Tex. App.—San Antonio, 1999, no pet.). In this case, there is no controversy on which a trial may be held. Therefore, we do not find Conroy's right to a jury trial has been violated.

Next, assuming preservation of error, Sloan filed an answer to Conroy's petition. Therefore, a default judgment based on Sloan's failure to timely answer cannot be granted, even if the answer was filed late. *MCJ Engines, LLC v. Kearney*, No. 01-23-00217-CV, 2024 Tex. App. LEXIS 5576, at *7 (Tex. App.—Houston [1st Dist.] Aug. 6, 2024, no pet.) (mem. op.). Consequently, the trial court did not err in failing to grant Conroy's motion for default judgment. Likewise, a post-answer default judgment is also improper here. While Sloan did file an answer, there was no trial setting at which he failed to appear, thus there could be no default judgment. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (a "post-answer default judgment occurs when a defendant who has answered fails to appear for trial").

Conroy also alleges Sloan breached his fiduciary duty to him. The elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) breach of duty, (3) causation, and (4) damages. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). Conroy has not proven any of these elements. Further, the substance of his allegations is akin to complaints about Sloan's representation which are legal malpractice claims, not breach of fiduciary claims. *Duerr*

7

*v. Brown*, 262 S.W.3d 63, 70–71 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (describing the difference). In any event, he has not proven legal malpractice either.

Further, Conroy alleges the trial court erred in not considering Sloan's purported failure to follow the State Bar rules. A violation of state bar rules does not create a private cause of action. *Dyer v. Shafer, Gilliland, Davis, McCollum & Ashley, Inc.*, 779 S.W.2d 474, 479 (Tex. App.—El Paso 1989, writ denied). And, even if it did, Conroy has provided no evidence of such failure. The same is true of Conroy's complaints concerning Sloan's alleged "unwillingness to cooperate" and failure to comply with deadlines. Accordingly, the trial court did not err on these points.

We also find no error by the trial court concerning Conroy's complaint about Sloan's purported conflict of interest. Rule 1.11(a) of the professional rules of conduct requires that the lawyer have actively and substantially participated in the prosecution on the government side and then later represented the same client in the same matter on the private practice side in order for it to be a conflict of interest. TEX. DISCIPLINARY R. PROF. CONDUCT 1.11(a). The record here indicates Sloan was employed by the Ellis County District Attorney's Office in 1994, the same year Conroy was charged with the offense of theft by check. But, there is no evidence Sloan was involved in that prosecution and that case is wholly distinct from the underlying case in which Sloan represented Conroy.

Conroy's remaining complaints do not rise to the level of cognizable causes of action and thus, we cannot find the trial court erred as to any of those.

8

Simply speaking, this case boils down to Conroy's seeking to obtain the incident report/video that has been determined to be in the possession of ICE and each of his complaints are related to that. Thorough efforts have been made to attain that evidence to no avail. The case file containing all other relevant information was provided to Conroy. There appears to be no other relief for which he has requested or to which he is entitled. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154 (Tex. 2012) (standing requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court). Therefore, on the record before us, we cannot fault the trial court for its implicit conclusions concerning Sloan's conduct. Accordingly, we cannot find the trial court abused its discretion in dismissing the cause below.

We affirm the order of the trial court.


Patrick A. Pirtle
Senior Justice