Norman C. TOLPO, Appellant,

v.

Ann DECORDOVA, Executrix of the Estate of Donald Decordova, and Crutchfield, Decordova & Chauveaux, L.L.P., Appellees.

No. 09–03–542 CV.

Court of Appeals of Texas, Beaumont.

Submitted May 27, 2004.

Delivered Sept. 30, 2004.

Wayne H. Paris, Houston, for appellant.

Lawrence Louis Germer, Kelli B. Smith, Germer Gertz, Beaumont, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

This is a legal malpractice, breach of contract, deceptive trade practice and fee forfeiture suit brought by Norman C. Tolpo, acting individually and in his capacity as trustee, against Ann DeCordova, in her capacity as the Executrix of the Estate of Donald DeCordova, and Crutchfield, DeCordova & Chauveaux, L.L.P.[1] Tolpo alleged that his former attorney, Don DeCordova, negligently prepared and drafted a contract for unimproved property located in Hardin County, Texas. The trial court granted summary judgment that Tolpo take nothing. He raises three issues on appeal. We affirm.

The motion for summary judgment filed in this suit combined traditional and no-evidence grounds. The defendants

---

1. Donald DeCordova died after suit commenced. The executrix of his estate was substituted as a party. References within this opinion to "DeCordova" mean Donald DeCordova.

claimed they were entitled to summary judgment on the legal malpractice/negligence claim because the plaintiff produced no evidence of any duty breached, or that the acts or omissions of the defendants proximately caused the plaintiff's injuries. The defendants also claimed that as a matter of law DeCordova acted as a reasonably prudent attorney in drafting the contract. The motion asserted that as a matter of law the claims for breach of contract, deceptive trade, and breach of fiduciary duty were duplicative of the malpractice claim. The motion also argued that the plaintiff produced no evidence that DeCordova breached a contract, that the defendants engaged in any intentionally deceptive conduct, or that the defendants breached their duty of good faith and fair dealing.

We apply different standards of review to those portions of the motion for summary judgment filed under Rule 166a(c) and those filed pursuant to Rule 166a(i).

To prevail on a traditional summary-judgment motion, a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). A movant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Elliott–Williams Co. v. Diaz,* 9 S.W.3d 801, 803 (Tex.1999). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Friendswood Dev. Co. v. McDade & Co.,* 926 S.W.2d 280, 282 (Tex.1996). *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). A Rule 166a(i) summary judgment is analogous to a directed verdict subject on appeal to a legal sufficiency challenge.

In reviewing a no-evidence summary judgment motion, we examine the record in the light most favorable to the nonmovant; if the nonmovant presents more than a scintilla of evidence supporting the disputed issue, summary judgment is improper. *King Ranch v. Chapman,* 118 S.W.3d 742, 750 (Tex. 2003), [*cert. denied,* —— U.S. ——, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004)]; *Wal–Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex.2002). A no-evidence summary judgment is improper if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex.R. Civ. P. 166a(i); *Wal–Mart,* 92 S.W.3d at 506. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch,* 118 S.W.3d at 751 (quoting *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983)). More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *King Ranch,* 118 S.W.3d at 751 (citing *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997)).

*Forbes Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 172 (Tex.2003).

Tolpo is a licensed real estate broker who in 1992 purchased the 47–acre tract of unimproved property located in Silsbee, Hardin County, Texas (hereafter, "the property") from the Resolution Trust Corporation (RTC) for $40,000. On December 1, 1998, Tolpo executed a power of attorney in which he authorized Donald DeCordova to enter into real estate listing agreements, to contract to sell the property, to convey the property, to execute and deliver legal instruments relating to the sale

and conveyance of the property, to accept notes, to approve closing agreements, to receive proceeds, and to "Do everything and sign everything necessary or appropriate to sell the Property and to accomplish the powers set out herein." Donald De-Cordova, while a partner in the law firm of Crutchfield, DeCordova & Chauveaux, L.L.P., drafted an earnest money contract for the sale of the property to H. David Nelams for $147,668.85. DeCordova used a pre-printed form promulgated by the Texas Real Estate Commission. Tolpo and Nelams executed the contract on January 24, 2000. Nelams deposited $5,000 earnest money. The contract provided that the Buyer could, within seven days of the title commitment, object in writing to matters disclosed in the commitment. The contract further provided that Tolpo could, at his option, cure the objections within twenty days. The contract contained special conditions, none of which affected the buyer's right to object to matters disclosed in the title commitment. The contract provided seller the sole remedy of enforcing specific performance, or terminating the contract, in which case the seller would receive the earnest money. The title commitment, issued on January 5, 2000, revealed mineral reservations in prior conveyances and prior easements to the city. Before the sale closed, Nelams learned that a zoning change would allow a lumberyard to operate across the street. Nelams wanted out of the contract and offered to forfeit the earnest money. Tolpo refused in mid-February. On February 18, 2000, Nelams made a written objection to nine of the exceptions in the title commitment. Nelams purchased an eleven-acre tract of land from a third party on April 11, 2000. Tolpo hired another attorney, Frank A. Adams, and sued Nelams for breach of the earnest money contract. After a bench trial, the trial court denied Tolpo's request for specific performance,

awarded Tolpo the $5,000 earnest money, and denied both parties' request for attorney fees. The trial court did not explain why it granted one of the remedies available to the seller in the contract, but not the other, or why no attorney fees were awarded to the prevailing party, Tolpo, as the contract provided. It appears that no appeal was taken from the judgment entered in that case.

Tolpo did not instruct DeCordova to use a particular contract, and he did not dispute the decision to use the form, as it was appropriate for the property in question. He testified that the contract should have included the following clause: "The above tract is subject to all prior reservations or conveyances of minerals and/or royalties of record...." That language was not required by the power of attorney, and its inclusion was not requested by Tolpo. Tolpo testified: "Most attorneys that I've visited with include that as part of their sales agreement, particularly on raw land." Asked which attorney, Tolpo identified the attorney "right here," Frank Adams, and one other lawyer. Tolpo blamed DeCordova for losing the sale. Nelams would not have been able to avoid the contract because of the zoning change, but could object to the encumbrances on the property because he reserved that right in the earnest money contract. The summary judgment record contains contracts from two real estate transactions for which DeCordova was identified as the seller's attorney. The "Dollinger" residential earnest money contract included a special condition that only the surface estate was to be conveyed. The "Doyle" farm and ranch contract, which a third party prepared the previous year, included the disclaimer that the seller does not own the minerals. Although DeCordova did not draft this contract and it appears Tolpo did not execute it, the Doyle contract concerns the 47–acre tract

at issue here. Tolpo testified in his deposition that he thought DeCordova had been involved in the transaction, and his affidavit states that DeCordova reviewed the contract for him and that DeCordova must have known of the mineral situation.

Tolpo agreed in deposition that he does not know if the trial judge would have enforced specific performance had the clause been in the contract. Nelams testified in *Tolpo v. Nelams*, but the summary judgment evidence in this case does not reveal whether Nelams would have assented to a reservation clause in the earnest money contract. Tolpo conceded in deposition that he could not predict whether the judge would have granted specific performance had the contract contained the language at issue. In his affidavit, however, Tolpo testified that the judge ruled against his claim "based upon the contract not containing the exclusionary language that was left out of the contract. . . ." The attorney who represented Tolpo in *Tolpo v. Nelams* also submitted an affidavit. Although he does not describe the standard of care, he expresses the opinion that DeCordova failed to meet it when he failed to include a special condition that the transaction was subject to and excluded all prior reservations of mineral and royalty interests, when he failed to review the Doyle and Dollinger contracts (presumably as a guide for drafting the Nelams contract), when they did not review the previous resolution of the sewer and telephone lines on the property, and when they did not review again the original purchase papers from the Resolution Trust Corporation. Adams expressed the opinion that DeCordova's past familiarity with the property should have led him to have excluded prior reservations of minerals and royalties, and that a reasonable, prudent lawyer could not have left out such language. Adams opined that "failure to include such exclusionary subject to language in the earnest

money contract was [sic] substantial factor in bringing about an injury to Norman C. Tolpo, without which the injury would not have occurred because the contract would have been closed, or Norman C. Tolpo, Trustee, would have prevailed in the lawsuit."

■ The appellant frames the first issue, as follows:

> Whether or not Appellants provided any evidence that DeCordova, et al[sic], were negligent and breached the standard of care of a reasonable prudent attorney in drafting the sales contract between Tolpo, Trustee, and Dr. H. David Nellams, or failed to properly review or investigate the need for important language in the contract?

To recover on a claim for legal malpractice, the plaintiff must establish: (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex.1995). The appellees' motion for summary judgment attacked the elements of breach and causation. Tolpo contends that the buyer was able to make valid objections to the title commitment because DeCordova omitted language from the contract. The summary judgment record established that DeCordova utilized the correct pre-printed form and followed Tolpo's instructions in preparing the contract. The appellees argue this is sufficient to establish that he acted as a reasonably prudent attorney in exercising his professional judgment, and that Tolpo produced no evidence that these actions failed to meet the standard of care for a reasonable, prudent attorney. To overcome the appellees' "no evidence" motion for summary judgment, Tolpo presented the affidavit and deposition testimony establishing the

following: three other lawyers include the clause in sales agreements, particularly for raw land; mineral reservations were mentioned in sales contracts in two other transactions in which DeCordova was identified as the seller's attorney; the previous year DeCordova had reviewed a proposed sales contract for the property and that contract stated the seller did not own the minerals; and, in the opinion of the attorney who tried the contract suit, DeCordova's past familiarity with the property would have caused him to exclude prior reservations of minerals and royalties in the earnest money contract. Tolpo argues that this summary judgment evidence raises a fact issue on breach of the standard of care. A lawyer in Texas is held to the standard of care which would have been exercised by a reasonably prudent attorney, based on the information the attorney had at the time of the alleged act of negligence. *Cosgrove v. Grimes,* 774 S.W.2d 662, 664 (Tex.1989). "If an attorney makes a decision which a reasonably prudent attorney *could* make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable." *Id.* at 665. The anecdotal evidence that other earnest money contracts address the issue of reservations and easements does not establish that an attorney drafting an earnest money contract for unimproved property must, in the objective exercise of professional judgment, include such a clause in any contract to convey property. We conclude that Tolpo failed to raise a fact issue on breach of the standard of care. Therefore, the trial court did not err in granting the appellees' "no evidence" motion for summary judgment on that element of Tolpo's legal malpractice cause of action. Issue one is overruled.

The second issue presents the following question: "Whether or not Appellants produced any evidence the Appellees' acts and omissions were the proxi-mate cause of the Appellants' damages?" Causation may be determined as a matter of law if the circumstances are such that reasonable minds could not arrive at a different conclusion. *Mackie v. McKenzie,* 900 S.W.2d 445, 449 (Tex.App.-Texarkana 1995, writ denied). The attorney who tried *Tolpo v. Nelams* provided his professional opinion that, had DeCordova inserted a reservations and easements clause in the contract, Tolpo would have prevailed at the trial on the contract. He does not reveal his rationale, and we perceive three very obvious flaws in Adams's statement. First, Tolpo did prevail in his lawsuit against Nelams. It is undisputed that the trial court ordered Nelams to forfeit the earnest money. Such a ruling required a finding that Nelams defaulted on the contract. Second, the contract drafted by DeCordova contained a specific performance clause. Therefore, specific performance was an available remedy. Third, the affidavit is conclusory. "A conclusory statement of an expert witness is insufficient to create a question of fact to defeat summary judgment." *McIntyre v. Ramirez,* 109 S.W.3d 741, 749 (Tex.2003). *See also Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991)(interested expert witness). We hold that Adams's affidavit failed to raise a fact issue on causation.

Likewise, the evidence provided by Tolpo in his deposition and subsequent affidavit does not raise a fact issue on causation. Tolpo's deposition testimony, in which he admits he does not know if the trial judge would have enforced specific performance had the reservations and easements clause been in the contract, is contradicted by his affidavit testimony that the trial judge ruled against his claim based upon the contract not containing the exclusionary language. The latter statement, however, is conclusory at best and contradicted by the record of the ruling in Tolpo's favor.

More importantly, the dispute has at its core a negotiable term that would have been added as a special provision to the standard form contract. There is no evidence in the record that Nelams would have entered into the contract had DeCordova precluded objections by the buyer to exceptions from coverage in the title commitment. Tolpo produced no evidence to support causation, an essential element of his cause of action for legal malpractice. In the absence of a fact issue to be resolved by a jury, the appellees were entitled to summary judgment under Rule 166a(i). Issue two is overruled.

The final issue presents the following question: "Whether or not Appellant has independent claims for breach of contract, breach of fiduciary duty and fee forfeiture, and deceptive trade practices violations, aside from negligence claims?" First, Tolpo contends that the appellees breached the special durable power of attorney. However, Tolpo personally executed the earnest money contract; DeCordova did not exercise the power granted in the special durable power of attorney, nor was he required to, as Tolpo was personally available. DeCordova did that which he was retained to do, that is, he drafted an earnest money contract. A complaint about the manner of its drafting sounds in tort, not in contract. *See Goffney v. Rabson*, 56 S.W.3d 186, 190–94 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

 Second, Tolpo argues he may maintain an independent action for breach of fiduciary duty and an action to forfeit all of the fees DeCordova earned in the original transaction with the RTC and in subsequent litigation with the son in whose name Tolpo had acquired the property. In his response to the motion for summary judgment, Tolpo based this claim on DeCordova's failure to disclose to Tolpo that the exclusionary language had not been included in the contract. Tolpo personally signed the contract, so its contents were obviously disclosed to him. Tolpo did not allege that DeCordova was engaged in self-dealing. Tolpo never claimed that DeCordova was aware of the omission, and Tolpo admitted in his deposition that he believed it was "just a mistake." Tolpo's complaint is that DeCordova failed to exercise the requisite degree of care in drafting the contract; therefore, his pleadings do not state a cause of action independent of a cause of action for negligence. *See Goffney*, 56 S.W.3d at 194. Furthermore, the remedy of fee forfeiture is inherently equitable and thus largely a matter of trial court discretion as opposed to a jury issue. *See Burrow v. Arce*, 997 S.W.2d 229, 246 (Tex.1999).

Third, Tolpo contends he may maintain a separate claim for unconscionable actions and a failure to reveal that induced him to enter into a contract he would not otherwise have executed. He pleaded violation of Sections 17.46(b)(23) and 17.50(a)(3) of the Deceptive Trade Practices Act. Tex. Bus. & Com.Code Ann. §§ 17.46(b)(23), 17.50(a)(3) (Vernon 2002 & Vernon Supp. 2004).[2] The first section is not even remotely applicable to this suit, as DeCordova drafted a contract and did not file any litigation.[3] Furthermore, in the context of

---

**2.** Generally, the DTPA does not apply to claims based on the rendering of professional services, the essence of which is the providing of advice, judgment, opinion, or similar professional skill. *See* Tex. Bus. & Com.Code Ann. § 17.49(c) (Vernon Supp.2004). We assume the appellant is arguing the exceptions to the general rule. *Id.*

**3.** Section 17.46(b)(23) includes in the "laundry list" of deceptive acts:
filing suit founded upon a written contractual obligation of and signed by the defendant to

this case, a Section 17.46(b)(24) claim (for failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed), as well as a Section 17.50(a)(3) claim for an unconscionable action or course of action, cannot be maintained separate and apart from the legal malpractice action.

■ Tolpo never contended in the course of the proceedings that DeCordova was actually aware that he was excluding a contract term that his client required and affirmatively misrepresented the effect of the contract. Negligent conduct, as opposed to deceptive conduct, might be legal malpractice but is not deceptive trade. *Aiken v. Hancock,* 115 S.W.3d 26, 29 (Tex. App.-San Antonio 2003, pet. denied); *compare Latham v. Castillo,* 972 S.W.2d 66, 68 (Tex.1998). Tolpo's allegations do not support an independent cause of action under the DTPA, separate from the legal malpractice cause of action. We hold that Tolpo's claims for breach of contract, breach of fiduciary duty, and deceptive trade practices are merely restated claims for legal malpractice. Issue three is overruled.

The "no evidence" grounds asserted in the appellees' motion for summary judgment are meritorious, and Tolpo has not directed us to competent summary judg-ment evidence in the record to establish that none of the independent grounds asserted in the motion for summary judgment is sufficient to support the judgment. We hold that the trial court did not err by granting a summary judgment that appellant take nothing against the appellees. The judgment of the trial court is affirmed.

AFFIRMED.

pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use in any county other than in the county in which the defendant resides at the time of the commencement of the action or in the county in which the defendant in fact signed the contract; provided, however, that a violation of this subsection shall not occur where it is shown by the person filing such suit he neither knew or had reason to know that the county in which such suit was filed was neither the county in which the defendant resides at the commencement of the suit nor the county in which the defendant in fact signed the contract; . . . .

Tex. Bus. & Com.Code Ann. § 17.46(b)(23) (Vernon Supp.2004). Section 17.46(b)(23) has existed in this form since 2001. *See* Act of May 25, 2001, 77th Leg., R.S., ch. 962, § 1, 2001 Tex. Gen. Laws 1929, 1931. Tolpo filed suit in 2002.