**Affirmed and Majority and Dissenting Opinions filed April 11, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00781-CV

## PAULA FORSHEE, PMF SOULTIONS, LLC, AND CATALYST SOULTIONS, LLC, Appellants

## V.

## CYNTHIA R. LEVIN MOULTON, CYNTHIA R. LEVIN MOULTON, P.C., AND MOULTON, WILSON, AND ARNEY, L.L.P., Appellees

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2015-09390-A**

## M A J O R I T Y   O P I N I O N

Appellants Paula Forshee, PMF Solutions, LLC, and Catalyst Solutions, LLC (collectively, "Forshee") appeal the trial court's summary judgment that Forshee take nothing on legal malpractice claims against appellees Cynthia R. Levin Moulton, Cynthia R. Levin Moulton, P.C., and Moulton, Wilson, and Arney, L.L.P. (collectively, "Moulton"). After careful review of Forshee's allegations and the summary-judgment record, we affirm.

## Background

This dispute arises from a 2014 transaction that merged certain real estate businesses. On one side of the transaction was Forshee, who owned and operated a property management company. On the other side were Alan Schnur and David Anderson, who owned a number of apartment complexes for investment purposes. In June 2014, Forshee, Schnur, and Anderson[1] executed a series of contracts that essentially merged their businesses and formed a new entity to solicit new investors to purchase additional properties. According to Forshee, she understood that she would provide property management services to all of the properties.

Appellee Cynthia Moulton is a Houston attorney. Forshee contends that Moulton represented not only Schnur and Anderson during the contract negotiations and drafting, but that Cynthia also represented Forshee.

The relationship between Forshee, Schnur, and Anderson soured within one year. Schnur and Anderson terminated the contracts effective in March 2015. Forshee sued Schnur, Anderson, Moulton, and several other entities, asserting a number of contract and tort claims. Forshee settled her claims against Schnur, Anderson, and their related entities. Those parties and claims are not at issue in this appeal. Forshee's claims against Moulton were severed.

In her live petition, Forshee asserted claims against Moulton for breach of fiduciary duty and professional negligence. Forshee alleged that Moulton failed to exercise ordinary care and had various undisclosed conflicts of interest. Specifically, Forshee alleged that the contracts were negligently drafted and allowed Schnur and Anderson to "circumvent" or "cut out" Forshee from future deals. Forshee contended that Moulton did not draft the contracts herself but

---

[1] Schnur and Anderson acted as members of Hot Ocean, LLC.

engaged another law firm to do the drafting without telling Forshee. Forshee also alleged that Moulton had financial interests in the apartment properties that were the subject of the transaction. Forshee asserted that, had Moulton disclosed her conflicts of interest, Forshee would have hired new counsel and benefitted from more favorable contract terms.

Moulton moved for traditional and no-evidence summary judgment. First, she argued that she had no attorney-client relationship with Forshee. Additionally, Moulton argued that Forshee was impermissibly splitting her professional negligence claim, that Forshee could not produce any evidence to support any of the elements of her claims, and that the evidence conclusively established that Moulton did not breach any applicable duty of care. Without specifying the grounds on which it ruled, the trial court granted Moulton's motions and dismissed Forshee's claims.

Forshee appeals.

## Analysis

Forshee contends the summary judgment is error for six reasons.[2] We do not address all of them because we find certain grounds discussed below are dispositive and compel us to affirm the judgment.

---

[2] Forshee's enumerated issues are:

1.    The trial court erred by granting summary judgment on Forshee's fee forfeiture claim.

2.    Moulton breached her duty of care to Forshee.

3.    *Pierre* does not support summary judgment.

4.    Forshee is not impermissibly fracturing her claims.

5.    Moulton's argument regarding expert witnesses does not support summary judgment.

6.    Forshee's damages were caused by Moulton and were not speculative.

**A.      Nature of Forshee's Claims**

We first consider whether Forshee's claims against Moulton properly sound in negligence alone, or whether her allegations support distinct and independent claims for negligence as well as breach of fiduciary duty.  In the part of her motion in which she sought summary judgment on traditional grounds, Moulton argued that as a matter of law Forshee's claims could only be negligence claims.  This issue presents a question of law.  *See Duerr v. Brown*, 262 S.W.3d 63, 70 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Murphy v. Gruber*, 241 S.W.3d 689, 692 (Tex. App.—Dallas 2007, pet. denied).  It is subject to de novo review on appeal.  *See Duerr*, 262 S.W.3d at 70.

1.      *Anti-fracturing rule*

Attorneys owe their clients the duty to act with ordinary care—i.e., in a manner consistent with the standard of care that would be expected to be exercised by a reasonably prudent attorney.  *See Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989).  Complaints about an attorney's care, skill, or diligence in representing a client implicate this duty of ordinary care and sound in negligence.  *See id.* at 664-65.  For example, "a lawyer can commit professional negligence by giving an erroneous legal opinion or erroneous advice, by delaying or failing to handle a matter entrusted to the lawyer's care, or by not using a lawyer's ordinary care in preparing, managing, and prosecuting a case." *Murphy*, 241 S.W.3d at 693; *see also Duerr*, 262 S.W.3d at 72.

In addition to the duty of ordinary care, an attorney owes fiduciary duties to her client as a matter of law. *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988). The term "fiduciary" refers to integrity and fidelity; thus, "the attorney-client relationship is one of the most abundant good faith, requiring absolute perfect candor, openness and honesty, and the absence of any concealment or deception."

4

*Goffney v. Rabson*, 56 S.W.3d 186, 193 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (internal quotations omitted). Attorneys must, among other things, "render a full and fair disclosure of facts material to the client's representation." *Willis*, 760 S.W.2d at 645.

When clients sue their former attorneys for professional misconduct, their claims typically sound in negligence. *See Cosgrove*, 774 S.W.2d at 664 (an attorney in Texas is held to the same standard of care exercised by a reasonably prudent attorney, which is a duty of ordinary care). Texas courts do not allow such plaintiffs to "recast" fundamentally negligence-based claims into other causes of action, such as fraud, breach of contract, or breach of fiduciary duty. *Murphy*, 241 S.W.3d at 693; *see also Goffney*, 56 S.W.3d at 190. The anti-fracturing rule prevents such conversions. *See Duerr*, 262 S.W.3d at 70-71; *see also Won Pak v. Harris*, 313 S.W.3d 454, 457 (Tex. App.—Dallas 2010, pet. denied); *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr. P.C.*, 284 S.W.3d 416, 426-27 (Tex. App.—Austin 2009, no pet.).

The anti-fracturing rule is based on the nature of a professional negligence claim. *See Duerr*, 626 S.W.3d at 70; *see also Parker v. Glasgow*, No. 02-15-00378-CV, 2017 WL 2686474, at *8 (Tex. App.—Fort Worth June 22, 2017, no pet.) (mem. op.) (citing *J.A. Green Dev. Corp. v. Grant Thornton, LLP*, No. 05-15-00029-CV, 2016 WL 3547964, at *6 (Tex. App.—Dallas June 28, 2016, pet. denied) (mem. op.)). The gravamen of a professional negligence complaint focuses on the quality or adequacy of the attorney's representation. *J.A. Green*, 2016 WL 3547964, at *6. A claim pleaded in the alternative to a professional negligence claim is therefore barred by the anti-fracturing rule if the crux of the alternative claim focuses on the quality or adequacy of the professional's representation. *See Duerr*, 262 S.W.3d at 70 (citing *Kimleco Petroleum, Inc. v.*

5

*Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied) ("Regardless of the theory a plaintiff pleads, as long as the crux of the complaint is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for legal malpractice.")); *Parker*, 2017 WL 2686474, at *8.

Nevertheless, the prohibition against fracturing attorney professional negligence claims does not mean that clients may sue their former attorneys only for negligence. *See Burrow v. Arce*, 997 S.W.2d 229, 237-47 (Tex. 1999) (holding that, although negligence claim fails if client suffers no damages, clients still may obtain fee forfeiture as remedy under their breach of fiduciary duty claim, even in absence of damages). If the gist of a client's complaint is that the attorney did not exercise that degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess, then that complaint should be pursued as a negligence claim, rather than some other claim. *See, e.g.*, *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 189-90 (Tex. App.—Houston [14th Dist.] 2002, no pet.). If, however, the factual basis of the client's complaint is more appropriately classified as another claim, such as fraud, breach of fiduciary duty, or breach of contract, then the client can assert a claim other than negligence. *See id.* But merely characterizing conduct as a "misrepresentation" or "conflict of interest" does not transform a professional negligence claim into a fraud or breach of fiduciary duty claim. *See McInnis v. Mallia*, No. 14-09-00931-CV, 2011 WL 782229, at *7 (Tex. App.—Houston [14th Dist.] Mar. 8, 2011, pet. denied) (mem. op.) (citing *Beck*, 284 S.W.3d at 436; *Murphy*, 241 S.W.3d at 698). To distinguish independently actionable fiduciary duty claims against lawyers from those that sound in negligence, Texas courts have generally held that a fiduciary duty claim focuses on "whether an attorney obtained an improper benefit from representing

6

the client," while a negligence claim focuses on "whether an attorney represented a client with the requisite level of skill." *Murphy*, 241 S.W.3d at 693 (internal quotation omitted); *see also Duerr*, 262 S.W.3d at 71.

With these principles in mind, we turn to the question of whether Forshee's allegations sound only in negligence or whether some of her allegations may appropriately support a breach of fiduciary duty claim.

2.    *Application to Forshee's allegations*

In her summary-judgment response, Forshee argued that she had an attorney-client relationship with Moulton and that Moulton breached her fiduciary duty in two ways:  by undertaking a representation fraught with conflicts of interest and by hiring a separate law firm to draft the relevant agreements without disclosing that fact to Forshee.  Because Forshee is the nonmovant, we assume the truth of Forshee's allegation that she and Moulton had an attorney-client relationship.

Forshee's allegation—that Moulton hired another law firm to draft the agreements without communicating that fact to her—sounds in negligence, not breach of fiduciary duty, because the gist of the complaint is that Moulton did not exercise the degree of care, skill, or diligence as should an attorney of reasonable competence. *See, e.g.*, *Won Pak*, 313 S.W.3d at 458 (allegation that attorney failed to disclose that he did not draft the assignments did not state a claim for breach of fiduciary duty or fraud, rather than professional negligence).

As to Forshee's allegation that Moulton represented her without disclosing conflicts of interest, we disagree that Forshee's factual contentions will support a breach of fiduciary duty claim independent of her negligence claim.  In her amended response, Forshee argued that her evidence demonstrated that Moulton

7

"had a conflict of interest because [she] simultaneously represented Schnur & Anderson." In her second amended response, Forshee attached a declaration from an attorney, Charles Fridge. Fridge offered opinions that: (1) Moulton had an irreconcilable conflict of interest in undertaking the representation of three discrete parties in a merger transaction; (2) Moulton had an irreconcilable conflict of interest in this transaction because she had a personal relationship with Alan Schnur; and (3) Moulton had an irreconcilable conflict of interest in this transaction because she was a partner in several of the apartment complexes involved in the deal.

None of these assertions sound in fiduciary duty, as opposed to negligence. Simultaneous representation, without more, does not constitute a breach of fiduciary duty. *See Murphy*, 241 S.W.3d at 698-99 (when plaintiffs did not allege that the attorneys deceived plaintiffs, pursued their own pecuniary interests over plaintiffs' interests, or obtained any improper benefit from representing two separate clients, claim sounded in negligence, not fiduciary duty). For instance, an allegation that an attorney had "divided loyalties among six clients" did "nothing more than recast [the plaintiffs'] claims for professional negligence under alternative labels" because the allegations involved the question of whether the attorney failed to exercise the degree of care, skill, or diligence in performing his duty to inform the plaintiffs about issues that could arise during the representation of multiple clients. *Won Pak*, 313 S.W.3d at 458. Here, Forshee has not alleged facts showing that Moulton obtained any improper benefit from representing Schnur, Anderson, and Forshee, or placed her own pecuniary interest over Forshee's interest.

Fridge's other opinions similarly do not demonstrate that Forshee's "conflict of interest" allegations sound in fiduciary duty. Forshee's complaint is that

8

Moulton's failure to disclose a personal relationship with Schnur and her interest in some of the apartment complexes enabled Schnur and Andersen to "defraud" Forshee out of her expected participation in the new venture. Again, Forshee did not specifically allege that Moulton received any improper benefit from representing Schnur or Andersen or from her unspecified interest in the apartment complexes. Because the heart of Forshee's complaint associated with the alleged conflicts is that Moulton failed to provide adequate legal representation by not properly informing, advising, or communicating with Forshee, we conclude that her "conflict of interest" allegations sound in negligence only. *See Beck*, 284 S.W.3d at 439 (focus of "conflict of interest" complaint was that attorney failed to advise client that the interests of client's companies diverged from client's personal interests and that client should obtain separate counsel for the companies; claim sounded in negligence); *see also Duerr*, 262 S.W.3d at 74-75 ("Duerr does not state a separate breach of fiduciary duty claim based on a 'conflict of interest' arising from the settlement of multiple claims because Duerr contends his interests were compromised by the failure to deliver a promised level of recovery attributable to his lawyers' inattention to his benefit requests and appeal. That is a malpractice claim as a matter of law.").

Accordingly, the trial court did not err in dismissing Forshee's breach of fiduciary duty claim against Moulton or in dismissing Forshee's associated request for fee forfeiture. *See Fleming v. Curry*, 412 S.W.3d 723, 738 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (because clients failed to establish that attorney breached fiduciary duty, clients failed to establish right to fee forfeiture). We overrule Forshee's first and fourth issues.

**B.	Summary Judgment as to Forshee's Negligence Claim**

1.	*Standard of review*

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, the trial court's order does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any theories advanced are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). Moulton moved for summary judgment on Forshee's negligence claim on both no-evidence and traditional grounds, so we first review the trial court's judgment under the no-evidence standard of review. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017).

In a no-evidence summary-judgment motion, the movant asserts there is no evidence of one or more essential elements of a claim for which the nonmovant bears the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The motion must state the specific elements as to which there is no evidence. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017).

Responding to a no-evidence motion, the nonmovant must present more than a scintilla of probative evidence that raises a genuine issue of material fact supporting each element contested in the motion. *Parker*, 514 S.W.3d at 220. More than a scintilla exists when the evidence would enable reasonable and fair-minded people to reach different conclusions. *Burbage v. Burbage*, 447 S.W.3d 249, 259 (Tex. 2014). The nonmovant "is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam) (internal quotation omitted). In reviewing a no-evidence summary judgment, all

evidence favorable to the nonmovant is taken as true and we draw every reasonable inference and resolve all doubts in the nonmovant's favor. *Moore v. Bushman*, 559 S.W.3d 645, 649 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

## 2. *Professional negligence*

To prevail on a professional negligence (legal malpractice) claim, the plaintiff must prove (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injury, and (4) the plaintiff suffered damages. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009). In her motion for summary judgment, Moulton argued that Forshee could not produce any evidence to support each essential element of Forshee's malpractice claim. Because we conclude it is dispositive, we address only the element of proximate cause.

As in other negligence cases, a legal malpractice plaintiff must prove that her lawyer's negligence was the proximate cause of cognizable damage. *Stanfield v. Neubaum*, 494 S.W.3d 90, 97 (Tex. 2016). The components of proximate cause consist of cause-in-fact and foreseeability. *Akin, Gump*, 299 S.W.3d at 122. Cause-in-fact (sometimes referred to as substantial factor) requires a showing that the act or omission was a substantial factor in bringing about the injury and without which harm would not have occurred. *HMC Hotel Props. II Ltd. P'ship v. Keystone-Tex. Prop. Holding Corp.*, 439 S.W.3d 910, 913 (Tex. 2014); *see also Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 222 (Tex. 2010) (describing the elements of proximate cause as "cause in fact (or substantial factor) and foreseeability"). Thus, the cause-in-fact standard requires not only that the act or omission be a substantial factor but also that it be a but-for cause of the injury or occurrence. *Rogers v. Zanetti*, 518 S.W.3d 394, 403 (Tex. 2017)

11

In the trial court, Forshee argued that, but for the omission of certain language in the contracts, Schnur and Anderson would have been required to include Forshee in the deals going forward or pay damages for breaching the contracts. In his declaration, Fridge opined that this omission "was the proximate cause of the filing of the lawsuit between [Forshee] and David Anderson and Alan Schnur." Further, Fridge continued, the negligently drafted contracts, which were favorable to Moulton's partners Anderson and Schnur, put Forshee at a significant disadvantage in this lawsuit and caused her to recover a lower settlement amount from Anderson, Schnur, and their companies than she otherwise would have received.

Moulton argues that Forshee's evidence fails to raise a fact question on proximate cause because, to prove causation in an instance like this, a plaintiff must show that the other contracting party would have agreed to the additional or changed contractual terms. As support for this contention, Moulton relies primarily on *Pierre v. Steinbach*, 378 S.W.3d 529 (Tex. App.—Dallas 2012, no pet.). In *Pierre*, a client claimed that the lawyer negligently failed to include additional contractual terms that would have been more financially favorable for him. *Id.* at 532. In ruling in favor of the defendant as a matter of law, the court held that to establish causation in this context, a legal malpractice plaintiff must show that the other party would have agreed to the additional or changed contractual term, which the plaintiff did not do. *Id.* at 534-35.

Forshee counters that *Pierre* is "bad law" and not controlling. While *Pierre* may not be controlling precedent in this court, we agree with its rationale. To raise a genuine fact issue on causation, Forshee had to produce some competent, non-speculative evidence that Schnur and Anderson would have agreed to the additional terms that Forshee contends should have been included in the contracts.

12

This requirement is well settled. *See, e.g.*, *HMC*, 439 S.W.3d at 914-17 (reversing judgment when no competent evidence of what title insurers would have agreed to do under different circumstances); *Elizondo v. Krist*, 415 S.W.3d 259, 264 (Tex. 2013) (rejecting expert opinion that client would have recovered a higher settlement but for lawyer's negligence); *Axcess Int'l, Inc. v. Baker Botts, L.L.P.*, No. 05-14-01151-CV, 2016 WL 1162208, at *5 (Tex. App.—Dallas Mar. 24, 2016, pet. denied) (mem. op.) (rejecting plaintiff's speculative evidence that if lawyers had recommended a different course of action, plaintiff would have been able to negotiate a more favorable business arrangement with competitor); *Thompson & Knight LLP v. Patriot Expl., LLC*, 444 S.W.3d 157, 162-67 (Tex. App.—Dallas 2014, no pet.) (reversing legal-malpractice judgment when no evidence that property would have sold for higher price if malpractice had not delayed sale); *Taylor v. Alonso, Cersonsky & Garcia, P.C.*, 395 S.W.3d 178, 188 n.5 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (expert affidavit that proper representation would have led to a more favorable settlement did not raise a fact issue when there was no evidence that opposing party would have agreed to such a settlement); *Tolpo v. Decordova*, 146 S.W.3d 678, 684 (Tex. App.—Beaumont 2004, no pet.) (affirming summary judgment on claim of negligent drafting when there was no evidence that other party would have agreed to different terms; conclusory testimony by plaintiff and plaintiff's expert failed to raise fact issue on causation); *see also Pierre*, 378 S.W.3d at 534-35.

Forshee's summary-judgment response includes no evidence that Schnur and Anderson would have agreed to the additional terms Forshee contends should have been included in the contracts. Thus, Forshee failed to raise a genuine issue of material fact on the proximate cause element in response to the no-evidence motion for summary judgment.

13

We overrule Forshee's third and sixth issues. It is unnecessary to reach Forshee's remaining issues. *See* Tex. R. App. P. 47.1.

## Conclusion

Having overruled Forshee's dispositive issues, we affirm the trial court's summary judgment.

/s/     Kevin Jewell
         Justice

Panel consists of Justices Jewell, Spain, and Wilson. (Spain, J., dissenting).